THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

KERRY TAYLOR, as assignee of VILLA
VIZCAYA, VIZCAYA MUSEUM &
GARDENS and MIAMI-DADE COUNTY,
G.S.A.,

          Plaintiffs,
v.

ADMIRAL INSURANCE COMPANY,

          Defendant.
_____/

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1441(b) AND 1332 (a) (DIVERSITY)**

**PLEASE TAKE NOTICE** that Defendant, Admiral Insurance Company ("Admiral"), herewith removes to this court the state court action described below:

    1.    Written notice of the filing of this Notice of Removal, this date, has been served on Plaintiffs' counsel.

    2.    A copy of this Notice has, this date, been filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida.

    3.    Admiral files with this Notice a copy of all process, pleadings and orders served and filed in the aforementioned state action, copies of which are annexed as composite Exhibit "A."

    4.    On March 7, 2011 an action was commenced by Plaintiff in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida entitled *Kerry Taylor, as assignee of*

*Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County, G.S.A.*, Case No.: 11-07085 CA 02 (the "State Court Action.")

5. Admiral was served with a copy of the Summons and Complaint in the State Court Action through the Secretary of State on March 15, 2011. Thus, this removal notice was timely filed by Admiral within thirty (30) days of the Complaint's service on Admiral enabling Admiral to determine that the cause was removable pursuant to 28 U.S.C. § 1446.

6. This action is a civil action of which this court has original jurisdiction under 28 U.S.C. 1332 (a) and is one which may be removed to this Court by Admiral pursuant to the provisions as 28 U.S.C. 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs as Plaintiffs' Complaint alleges that Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County have agreed to a consent judgment against them for $550,000 and assigned all of their rights against Admiral to Plaintiff.

7. The Complaint alleges that at the time in question Plaintiff was a citizen in the State of Florida. Admiral was at the time of the filing of this action and still is a citizen of Delaware with its principal place of business in New Jersey and is the only Defendant that has been served with a Summons and Complaint in this action.

**WHEREFORE**, Defendant, Admiral, requests that this Court assume federal jurisdiction and approve this Notice of Removal.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that on this _8th_ day of April, 2011, the foregoing document

2

was electronically filed with the Clerk of the Court using CM/ECF.  We also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record **via transmission of Notices of Electronic Filing generated by CM/ECF and/or United States Mail (for those parties not on the CM/ECF system)** to: Vincent O'Brien, Esquire, Hillenbrand, O'Brien & Solomon, LLP, Counsel for Plaintiff, 8751 West Broward Boulevard, Suite 106, Fort Lauderdale, Florida 33324.

/s/ Mitchel Chusid
MITCHEL CHUSID
Florida Bar No. 879282
mchusid@ritterchusid.com
MITCHELL R. KATZ
Florida Bar No. 558877
mkatz@ritterchusid.com
Attorneys for Admiral Insurance Company
Heron Bay Corporate Center
5850 Coral Ridge Drive
Suite 201
Coral Springs, Florida 33076
Telephone:     (954) 340-2200
Facsimile:      (954) 340-2210

IN THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 07 0 8 5 CA 02

KERRY TAYLOR, as assignee of VILLA VIZCAYA, VIZCAYA MUSEUM & GARDENS and MIAMI- DADE COUNTY, G.S.A.,

Plaintiff,

vs.

ADMIRAL INSURANCE COMPANY,

Defendant.
_____/

## SUMMONS

**THE STATE OF FLORIDA:**
**To All and Singular the Sheriffs of said State:**

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:

ADMIRAL INSURANCE COMPANY
C/O Secretary of State
P.O. Box 6327
Tallahassee, FL 32314

The Defendant is hereby required to serve written defenses to said Complaint on **Vincent O'Brien, Esquire**, whose address is **Hillenbrand, O'Brien & Solomon, LLP, 8751 West Broward Boulevard, Suite 106, Fort Lauderdale, Florida 33324** within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.



EXHIBIT "A"

11-07085CA 02

CASE NO. _____

Page 2 of 2

DATED this _____ day of March, 2011.
(MAR - 7 2011)

HARVEY RUVIN
Clerk of the Circuit Court

By: _____
As Deputy Clerk

[Seal of Clerk, Dade County, Florida]

IN THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. - 07 0 8 5 CA 02

KERRY TAYLOR, as assignee of VILLA VIZCAYA, VIZCAYA MUSEUM & GARDENS and MIAMI- DADE COUNTY, G.S.A.,

Plaintiff,

vs.

ADMIRAL INSURANCE COMPANY,

Defendant.
_____/



## COMPLAINT

Plaintiff, KERRY TAYLOR ("TAYLOR"), as assignee of VILLA VIZCAYA, VIZCAYA MUSEUM & GARDENS and MIAMI-DADE COUNTY, G.S.A., by and through undersigned counsel, hereby sues Defendant, ADMIRAL INSURANCE COMPANY, and states as follows:

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars, exclusive of interest, costs and attorney's fees, and is otherwise within the subject matter jurisdiction of this Honorable Court.

2. At all material times, TAYLOR was a Florida resident.

3. At all material times, Miami-Dade was a local governmental entity that owned, operated and maintained the Vizcaya Museum & Gardens in Miami, Florida.

4. At all material times, Vizcaya Museum & Gardens was comprised of the Italian Renaissance style estate known as Villa Vizcaya and ten acres of formal gardens.

CASE NO. _____

5. At all material times, Villa Vizcaya was a National Historic Landmark open to the public and available for private events.

6. On April 4, 2006, ADMIRAL INSURANCE CO. ("ADMIRAL") was the general liability insurer for Mears Acquisition Company d/b/a Hello Florida, Inc. under policy number MEARS-GL-1.

7. On April 4, 2006, Villa Vizcaya was a Certificate Holder and Additional Insured under the MEARS-GL-1 policy with respect to General Liability Coverage and Operations of the Named Insured. The liability limits were $1,000,000 for personal injury. *See Certificate of Insurance,* attached hereto and made a part hereof as Exhibit 1.

8. On April 4, 2006, TAYLOR was attending a private event at Villa Vizcaya hosted by Hello Florida, Inc.

9. As TAYLOR was leaving Villa Vizcaya, she stepped on a broken step.

10. TAYLOR fell and sustained severe injuries requiring multiple surgeries and ongoing medical treatment.

11. TAYLOR's fall was the result of negligent maintenance of the step and the surrounding area by Miami-Dade County, Vizcaya Museum & Gardens and Villa Vizcaya, as well as their failure to warn of an extremely dangerous condition.

12. TAYLOR filed suit against Miami-Dade County, Vizcaya Museum & Gardens and Villa Vizcaya for negligence.

13. Miami-Dade County, as owner and operator of Villa Vizcaya, requested ADMIRAL to defend and indemnify it against the lawsuit.

14. Although general liability coverage existed for Villa Vizcaya for Ms. Taylor's claim, ADMIRAL denied coverage on September 15, 2009. ADMIRAL alleged

CASE NO. _____

Page 3 of 5

that "none of the parties named in the litigation are insured's [sic] under the Admiral Insurance policy issued to Mears Acquisition Company d/b/a Hello Florida." ADMIRAL set forth no further reasons for declining the claim. ADMIRAL's refusal to defend and/or indemnify was wrongful and in bad faith.

15. Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County paid $25,000 to settle the claim, agreed to a $550,000.00 consent judgment against them and assigned all their rights against ADMIRAL to TAYLOR. *See Consent Judgment and Coblentz Agreement,* attached hereto and made a part hereof as Exhibit 2.

16. The settlement was reasonable and made in good faith.

17. TAYLOR is now assignee of all rights of Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County against ADMIRAL. *See Coblentz Agreement.*

18. Pursuant to Florida Statutes §§ 47.011, 47.021 and 47.051, venue is proper in Miami-Dade County.

19. All conditions precedent to filing this suit have been satisfied, including but not limited to filing a Civil Remedy Notice of Insurer Violations with the Florida Department of Financial Services on August 4, 2010.

## COUNT I
## BREACH OF CONTRACT

Plaintiff re-adopts and re-alleges paragraphs 1 through 19, above, and further alleges:

20. ADMIRAL owed Villa Vizcaya the duty to defend and indemnify it against the lawsuit for personal injuries filed by TAYLOR.

21. ADMIRAL breached that duty by failing and refusing to provide defense and indemnity to Villa Vizcaya.

CASE NO. _____

Page 4 of 5

22. As a result of that breach, Villa Vizcaya and Miami-Dade County, the owner and operator of Villa Vizcaya, expended sums to defend and indemnify against the claim and ultimately entered into a settlement and Coblentz Agreement with TAYLOR.

23. ADMIRAL is liable to TAYLOR, as assignee of Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County, G.S.A. for the full amount of the Consent Judgment.

## COUNT II
## COMMON LAW BAD FAITH

Plaintiff re-adopts and re-alleges paragraphs 1 through 19, above, and further alleges:

24. ADMIRAL owed Villa Vizcaya the duty to defend and indemnify it for accidents occurring on its premises during the effective policy period.

25. ADMIRAL made no effort to investigate the claim, resolve the coverage dispute or to settle the claim.

26. ADMIRAL acted in bad faith and is liable to TAYLOR as assignee of Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County, G.S.A. for the full amount of the Consent Judgment.

## COUNT III
## BAD FAITH UNDER §624.155, FLA. STAT.

Plaintiff re-adopts and re-alleges paragraphs 1 through 19, above, and further alleges:

27. ADMIRAL owed Villa Vizcaya the duty to defend and indemnify it for accidents occurring on its premises during the effective policy period.

28. ADMIRAL made no effort to investigate the claim, resolve the coverage

CASE NO. _____

Page 5 of 5

dispute or to settle the claim.

29.   ADMIRAL acted in bad faith and is liable to TAYLOR as assignee of Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County, G.S.A. for the full amount of the Consent Judgment.

WHEREFORE, Plaintiff, KERRY TAYLOR, as assignee of Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County, G.S.A., seeks all damages allowed by law against ADMIRAL for breach of contract and bad faith, plus interest, costs and attorneys fees under §624.155, and all such further relief that the Court deems just and proper. In addition, TAYLOR demands a trial by jury.

DATED: January 11, 2011.

Respectfully Submitted,

By: *Vincent O'Brien*
VINCENT O'BRIEN, ESQ.
Florida State Bar No. 991430
Hillenbrand, O'Brien & Solomon, LLP
Attorneys for Plaintiff
8751 West Broward Boulevard, Suite 106
Fort Lauderdale, Florida 33324
Telephone: (954) 652-0100
Facsimile:  (954) 652-0103

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: 11-07085 CA 02

KERRY TAYLOR, as assignee of VILLA
VIZCAYA, VIZCAYA MUSEUM &
GARDENS and MIAMI-DADE COUNTY,
G.S.A.,

        Plaintiffs,

v.

ADMIRAL INSURANCE COMPANY,

        Defendant.
_____/

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the law firm of Ritter Chusid Bivona & Cohen, LLP, notices its appearance as counsel on behalf of Defendant, Admiral Insurance Company, and requests that copies of all pleadings filed in this matter be forwarded to the undersigned.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 6th day of April, 2011, to Vincent O'Brien, Esquire, Hillenbrand, O'Brien & Solomon, LLP, Counsel for Plaintiff, 8751 West Broward Boulevard, Suite 106, Fort Lauderdale, Florida 33324.

RITTER CHUSID BIVONA & COHEN, LLP
Attorneys for Defendant, Admiral Insurance Company
Heron Bay Corporate Center
5850 Coral Ridge Drive, Suite 201
Coral Springs, Florida 33076
Telephone: (954) 340-2200
Facsimile: (954) 340-2210

By: _____
MITCHEL CHUSID, ESQUIRE
Florida Bar No. 879282
MITCHELL R. KATZ, ESQUIRE
Florida Bar Number 558877