UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-21299-Civ-COOKE/TURNOFF

KERRY TAYLOR, as assignee of
VILLA VIZCAYA, VIZCAYA MUSEUM
& GARDENS and MIAMI-DADE
COUNTY, G.S.A,

     Plaintiff,

v.

ADMIRAL INSURANCE COMPANY
and BROWN & BROWN, INC.,

     Defendants.

_____/

**OMNIBUS ORDER**

THIS MATTER is before me upon Defendant Brown & Brown, Inc.'s ("Brown & Brown") Motion to Remand and/or Motion to Dismiss (ECF No. 34) and Defendant Admiral Insurance Company's ("Admiral") Motion to Drop Non-Diverse Party Defendant, Brown & Brown, Inc. (ECF No. 38). I have reviewed the Motions, the attendant responses and replies, the relevant legal authorities, and am otherwise duly advised of the premises. For the reasons set forth herein, Defendant Brown & Brown, Inc.'s Motion to Remand is granted, its Motion to Dismiss is denied as moot, and Defendant Admiral Insurance Company's Motion to Drop Non-Diverse Party Defendant, Brown & Brown, Inc. is denied.

**I. BACKGROUND**

This insurance coverage matter, originally brought in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, asserts claims of breach of contract, common law bad faith, bad faith and ratification, and fraud.

A.     Factual Allegation

Plaintiff alleges that on a date prior to November 14, 2005, Mears Acquisition d/b/a Hello Florida ("Hello Florida") sought permission to host an event at Villa Vizcaya. (Am. Compl. ¶ 8, ECF No. 30).  In order to host the event, Miami-Dade County required Hello Florida to obtain liability insurance for any claims arising from the event. *Id.* ¶ 9.  At that time, Admiral was the general liability insurer for Hello Florida under policy number MEARS-GL-1. *Id.* ¶ 10.  On or about November 14, 2005, Brown & Brown issued a Certificate of Insurance naming Villa Vizcaya as an additional insured under the MEARS-GL-1 policy. *Id.* ¶ 11.  Miami-Dade County relied on the Certificate of Insurance in allowing Hello Florida to host the event. *Id.* ¶ 12.

On April 4, 2006, Plaintiff attended Hello Florida's private event at Villa Vizcaya. *Id.* ¶ 14.  Plaintiff alleges that, while at the party, she fell from a broken step and sustained severe injuries requiring multiple surgeries and ongoing medical treatment. *Id.* ¶¶ 15-16.  Plaintiff filed suit against Miami-Dade County, Vizcaya Museum & Gardens, and Villa Vizcaya for failure to warn of an extremely dangerous condition and negligence. *Id.* ¶¶ 17-18.  As owner and operator of Villa Vizcaya, Miami-Dade County requested Admiral to defend and indemnify it against the lawsuit. *Id.* ¶ 19.  Admiral denied coverage on September 15, 2009, contending that "none of the parties named in the litigation are insured's [sic] under the Admiral Insurance policy issued to Mears Acquisition Company d/b/a Hello Florida." *Id.* ¶ 20.

In settlement of the claim, Villa Vizcaya, Vizcaya Museum & Gardens and Miami-Dade County paid $25,000.00, agreed to a $550,000.00 consent judgment against them, and assigned all their rights to Plaintiff. *Id.* ¶ 21.

B.     Procedural History

Plaintiff, now the assignee of Villa Vizcaya, Vizcaya Museum & Gardens, and Miami-

Dade County, originally filed her Complaint solely against Defendant Admiral Insurance Company ("Admiral") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County alleging breach of contract, common law bad faith, and bad faith under Fla. Stat. § 624.155.  *See* Notice of Removal, ECF No. 1.  Admiral subsequently removed the case to this Court on April 12, 2011 based upon diversity jurisdiction.  *Id.*  On March 19, 2012, Plaintiff filed a Motion for Leave to File an Amended Complaint to Add Brown & Brown as a Defendant after discovering information Plaintiff alleges may be the basis of liability against Brown & Brown.  Pl.s' Mot. for Leave to File an Am. Compl., ECF No. 23.  Specifically, Plaintiff contended that nearly six years after the incident (four years after the original claim was filed), Admiral stated, for the first time, that Brown & Brown was never authorized to bind coverage with Admiral, as it was not a broker for Admiral, but an excess and surplus lines insurer.  *Id.* at 3.  Plaintiff posits that if the lack of authorization is taken to be true, then Brown issued a fraudulent Certificate of Insurance, which Miami-Dade relied upon.  *Id.* at 6.  On this ground, Plaintiff asserts that Brown & Brown is an indispensable party.  *Id.*

I granted Plaintiff's Motion for Leave to File an Amended Complaint on April 7, 2012 (ECF No. 29), and Plaintiff filed her Amended Complaint on April 11, 2012 (ECF No. 30). Plaintiff added Brown & Brown as a defendant asserting a claim of fraud and adding a fourth claim for ratification against Admiral.  Brown & Brown opposed the Amended Complaint by filing the Motion to Remand and/or Motion to Dismiss (ECF No. 34) currently under review on June 1, 2012.  Admiral, also in resistance to the Amended Complaint, filed the Motion to Drop Non-Diverse Party (ECF No. 38) on June 20, 2012, which is also at issue.

## II. Legal Standard

The proposed remand of a diversity jurisdiction matter, such as this, facing the addition

of a non-diverse party is governed by 28 U.S.C. § 1447(e).  It provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the district court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e) (West 2012).  Once a district court decides to permit joinder of a non-diverse party, it no longer may retain jurisdiction and decide the case on its merits. *Ingram v. CSX Transp., Inc.,* 146 F.3d 858, 862 (11th Cir. 1998). "It is axiomatic that lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit." *Id.* at 861.  Thus, when 28 U.S.C. § 1447(e) is applicable, as it is here, the district court has only two choices: "(1) deny joinder; or (2) permit joinder and remand [Taylor's] case to state court."  *Id.* at 862.

### III. ANALYSIS

Brown & Brown correctly argues that this case – should the claim against it remain – requires remand to state court or dismissal for lack of subject matter jurisdiction.  While federal courts have subject matter jurisdiction over all civil actions between citizens of different states, *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998), "[d]iversity of citizenship requires complete diversity; every plaintiff must be diverse from every defendant." *Id.* If a district court "permit[s] a diversity-destroying joinder", then the district court must remand a case to state court pursuant to § 1447(e).  *Ingram,* 156 F.3d at 862.

Here, it is undisputed that Plaintiff is a Florida resident, Admiral is a Delaware corporate citizen with its principal place of business in New Jersey, and Brown & Brown is also a Florida corporation.  Once Plaintiff amended her complaint to add Brown & Brown, a nondiverse party, as a defendant, diversity was destroyed, leaving no option but to remain the case back to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County in compliance with

28 U.S.C. § 1447(e).[1]

I decline Admiral's offer to reconsider my initial decision permitting the joinder of Brown & Brown, and drop Brown & Brown as a party. Without determining here whether Brown & Brown is an indispensable or dispensable party, courts may dismiss or drop a dispensable, nondiverse party, but are not required to do so. *See Fritz v. American Home Shield Corp.*, 751 F.2d 1152 (11th Cir. 1985); *Ferry v. Bekum America Corp.*, 185 F. Supp. 2d 1285 (M.D. Fla. 2002). Further, there has not been any allegation that Plaintiff sought to join Brown & Brown for the sole purpose of destroying diversity. Since fraudulent joinder is not an issue, Brown & Brown need not be dropped as a matter of law. *See Triggs*, 154 F.3d 1284.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant Brown & Brown, Inc.'s Motion to Remand and/or Motion to Dismiss (ECF No. 34) is **GRANTED in part**, as to the remand, and **DENIED as moot, in part**, as to the dismissal;

2. Defendant Admiral Insurance Company's Motion to Drop Non-Diverse Party Defendant, Brown & Brown, Inc. (ECF No. 38) is **DENIED**;

3. This matter is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;

4. The Clerk of Court is directed to **CLOSE** this case;

5. All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

**DONE and ORDERED** in chambers at Miami, Florida this 31ST day of July 2012.

---

[1] Because subject matter jurisdiction no longer rests within this Court, I will not consider the merits of Defendant Brown & Brown's Motion to Dismiss.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*